# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KEVIN W. ROSS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 17-4027-DDC-GEB |
| | ) |
| KRISTI WOLF; CHRISTOPHER L. WOLF; and | ) |
| JUDGE ELIZABETH I. HENRY, of the | ) |
| Eighteenth Judicial District, District Court, | ) |
| Sedgwick County Kansas, Civil Department, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## REPORT AND RECOMMENDATION

Simultaneous with the filing of this order, the Court granted Plaintiff's request to proceed in this case without prepayment of the filing fee. (Order, ECF No. 5.) However, the authority to proceed without payment of fees is not without limitation. Under 28 U.S.C. § 1915(e)(2), sua sponte dismissal of the case is required if the court determines that the action 1) is frivolous or malicious, 2) fails to state a claim upon which relief may be granted, or 3) seeks relief from a defendant who is immune from suit. Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action."[1] After application of these standards, the undersigned Magistrate Judge issues the following report and recommendation of dismissal pursuant to 28 U.S.C. § 636(b)(1)(B).

---

[1] *King v. Huffman*, No. 10-4152-JAR, 2010 WL 5463061, at *1 (D. Kan. Dec. 29, 2010) (citing Fed. R. Civ. P. 12(h)(3)) (emphasis added).

## Background[2]

Plaintiff is the caretaker for his elderly mother in Wichita, Kansas, and has lived with her since approximately March 2014. He brings this action against his (and his mother's) neighbors, Christopher and Kristi Wolf, and a judge who presided over a small claims dispute between the neighbors in the Sedgwick County, Kansas Civil Department. Plaintiff's claims appear to stem from two underlying disputes: 1) Plaintiff contends his neighbors were using his mother's trash service without his knowledge for over a year, resulting in more than $700 of property loss; and 2) the neighbors also failed to repay Plaintiff for a $1,000 loan he extended to them in April 2013.

In January 2015, Plaintiff filed a small claims petition against Christopher and Kristi Wolf in the Sedgwick County District Court for the $1,000 owed to him. Around the same time Plaintiff's small claims petition was scheduled for hearing, the Wolfs sought a Protection from Stalking (PFS) Order against Plaintiff, although the significance of the PFS order is somewhat unclear from the Complaint.

Plaintiff contends his small claims action resulted in a judgment by Small Claims Judge John D. Sherwood[3] against the Wolfs for $975.00, along with interest, court costs and service fees. When the Wolfs failed to pay the judgment after 30 days, Plaintiff sought a contempt ruling from the Sedgwick County District Court, and his contempt motion was set for hearing on April 1, 2015 at 2:00 p.m.

---

[2] Unless specifically indicated, the facts recited in this section are taken from Plaintiff's Complaint (ECF No. 1).

[3] According to the clerk of the Sedgwick County Small Claims Department, judges of the small claims court are selected by the Chief District Court Judge on a pro tempore basis. *See Ross v. Wolf,* No. 15-SC-19 (Sedgwick Cty. Dist. Ct., case filed Jan. 12, 2015).

Small Claims Judge Elizabeth Henry[4] heard Plaintiff's motion for contempt. Plaintiff contends he arrived for the contempt hearing at 1:45 p.m., and the Wolfs were already present in the courtroom while Judge Henry apparently attended to other matters on her docket. At 2:15 p.m., Judge Henry called Plaintiff's case, but she did not hear arguments on his request and immediately dismissed his motion. Plaintiff contends that, along with refusing to hear argument, while the parties were at the bench, Judge Henry mentioned Christopher Wolf's pending workers compensation claim and provided the Wolfs with forms entitled "Judgment Debtor's Statement of Assets." Plaintiff claims Judge Henry's ruling was erroneously filed-stamped at 2:00 p.m., despite her not calling the case until 2:15 p.m. Apparently, due to the timing of the ruling, her refusal to hear argument, and her reference to Christopher Wolf's pending claim, Plaintiff believes Judge Henry communicated with the Wolfs in Plaintiff's absence before he arrived in the courtroom.

In August 2015, Plaintiff wrote a letter regarding what he perceived to be Judge Henry's misconduct to the Sedgwick County Chief Administrator, Judge James R. Fleetwood, who told Plaintiff he had the option of filing an appeal if he disagreed with Judge Henry's ruling.

On September 14, 2015—five months after Judge Henry's ruling—Plaintiff filed his appeal with the Sedgwick County Civil Department. A bench trial was held on December 23, 2015, and the appeal was dismissed as untimely, because Plaintiff did not file his appeal of Judge Henry's decision within 14 days of its filing.

---

[4] *See supra* note 3 for discussion on the assignment of small claims judges in Sedgwick County. *See Ross v. Wolf,* No. 15-SC-19 (Sedgwick Cty. Dist. Ct., case filed Jan. 12, 2015).

On April 1, 2017, Plaintiff filed this federal action, making two primary claims. First, he claims his neighbors conspired to violate his civil rights under 18 U.S.C. § 241, and Judge Henry was complicit in that conspiracy, by not permitting rebuttal, and by allegedly discussing the case with the Wolfs prior to hearing. As a part of this claim, Plaintiff contends he should not be held to the same standards and expectations of a licensed attorney to know or understand all the requirements for filing.

Second, Plaintiff claims Judge Henry violated his civil rights by discriminating against him on the basis of his race. He claims Judge Henry, a Caucasian judge, treated him differently because the Wolfs are Caucasian and Plaintiff is African-American.

**Analysis**

As recited above, although Plaintiff has been permitted to proceed with his case *in forma pauperis* under 28 U.S.C. § 1915(e)(2), that statute requires the Court to examine the pleadings for merit when determining Plaintiff's financial ability to pursue the action. The Court, on its own motion, must dismiss the case if it finds the action: 1) frivolous or malicious, 2) fails to state a claim upon which relief may be granted, or 3) seeks relief from a defendant who is immune from suit. Additionally, Fed. R. Civ. P. 12(h)(3) requires the Court to dismiss the case "[i]f the court determines at any time that it lacks subject-matter jurisdiction."[5]

Because Plaintiff proceeds pro se, his pleadings must be liberally construed.[6] However, he still bears the burden to allege "sufficient facts on which a recognized legal

---

[5] *King*, 2010 WL 5463061, at *1 (citing Fed. R. Civ. P. 12(h)(3)).
[6] *Hall v. Bellmon*, 935 F. 2d 1106, 1110 (10th Cir. 1991).

claim could be based"[7] and the Court cannot "take on the responsibility of serving as [his] attorney in constructing arguments and searching the record."[8]

### A.      Judicial Immunity of Judge Henry

As an initial matter, the undersigned Magistrate Judge recommends dismissal of Plaintiff's claims against Judge Henry on the basis of judicial immunity. Plaintiff seeks an award of monetary damages, in the form of compensatory and punitive damages, from Judge Henry for actions taken in her official capacity. But "[a]n established line of Supreme Court precedent provides 'that, generally, a judge is immune from a suit for money damages.'"[9]  Judges acting in a pro tempore basis have been afforded immunity on the same basis as other judges in this district, as well as in multiple other federal districts and circuits across the country.[10]  Two exceptions to judicial immunity exist:  1) actions not taken in the

---

[7] *Id*.

[8] *Mays v. Wyandotte County Sheriff's Dep't*, 419 F. App'x 794, 796 (10th Cir. 2011) (citing *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir. 2005)).

[9] *Biehl v. Stoss*, No. 07-4084-SAC, 2007 WL 2156540, at *1 (D. Kan. July 24, 2007), *aff'd,* No. 07-3232, 2007 WL 2993557 (10th Cir. Oct. 15, 2007) (citing *Mireles v. Waco,* 502 U.S. 9 (1991) (per curiam) (citations omitted).

[10] *Collins v. McClain*, 207 F. Supp. 2d 1260, 1262 (D. Kan. 2002) (dismissing, among other defendants, a Judge Pro Tem).  *See also, e.g.*, *Coultas v. Payne*, No. 3:12-CV-1132-AC, 2013 WL 5524139, at *6 (D. Or. Sept. 4, 2013), *report and recommendation adopted,* No. 3:12-CV-1132-AC, 2013 WL 5522668 (D. Or. Sept. 30, 2013) ("In Oregon, this immunity extends to pro tem judges."); *Hupp v. Freedman*, No. 11CV2337IEGRBB, 2011 WL 13122544, at *2 (S.D. Cal. Dec. 19, 2011), *aff'd,* 569 F. App'x 501 (9th Cir. 2014) (extending judicial immunity to an administrative law judge, noting "Judicial immunity extends all judges even *pro tem* judges."); *Camboni v. Arizona*, No. CV-10-1903-PHX-GMS, 2011 WL 3471056, at *2 (D. Ariz. Aug. 8, 2011) ("Moreover, regardless of the judge's status in the judicial hierarchy, a judge has absolute immunity for acts performed in his or her official capacity") (citing *O'Neil v. City of Lake Oswego,* 642 F.2d 367, 369 (9th Cir.1981) (dismissing a pro tem municipal judge) and *Brewer v. Blackwell,* 692 F.2d 387, 396 (5th Cir. 1982) (dismissing a justice of the peace));  *McIntosh v. Barth*, No. CV07-1287-PHX-DGCJCG, 2007 WL 2994809, at *2 (D. Ariz. Oct. 12, 2007) ("Regardless of the judge's status in the judicial hierarchy, a judge has absolute immunity for acts performed in the judge's official capacity."); *Ricotta v. State of Cal.*, 4 F. Supp. 2d 961, 973 (S.D. Cal. 1998), *aff'd sub nom. Ricotta v. State of Calif.*, 173 F.3d 861 (9th Cir. 1999) ("general rules of judicial immunity also apply to Pro Tem Judges").

judge's judicial capacity; that is, actions which by their very nature and function are not "normally performed by a judge"; and 2) actions of a judicial nature "take in the complete absence of all jurisdiction."[11]  Judicial immunity is still applicable "even in the face of allegations that a judge acted with malice, in excess of his authority," or committed "grave procedural errors."[12]  "Only accusations that a judge was not acting in [her] judicial capacity or that [she] acted in the complete absence of all jurisdiction can overcome absolute immunity."[13]

Neither exception to the judicial immunity doctrine is applicable here.  Plaintiff clearly brings his claims against Judge Henry for her actions in dismissing his motion for contempt against his neighbors, wherein she was clearly acting in her official capacity. Additionally, Plaintiff makes no claims that Judge Henry lacked jurisdiction for her ruling. Rather, he claims her decision was based upon either some type of conspiracy with his neighbors, or with some type of discriminatory malice.  Because Plaintiff's allegations against Judge Henry focus exclusively on her actions taken in her judicial capacity, and in performance of matters properly committed to her jurisdiction, Plaintiff's claims against Judge Henry are barred by the doctrine of judicial immunity.  Therefore, the Court recommends dismissal of Plaintiff's claims against Judge Elizabeth Henry under 28 U.S.C. § 1915(e)(2)(B)(iii) because he seeks relief from a defendant who is immune from suit.

---

[11] *Biehl*, 2007 WL 2156540, at *1 (citing *Mireles*, 502 U.S. at 10-13).
[12] *Id*. (citing *Whitesel v. Sengenberger,* 222 F.3d 861, 867 (10th Cir. 2000) (quotation marks and citation omitted)).
[13] *Id*. (citing *Guttman v. Khalsa,* 446 F.3d 1027, 1034 (10th Cir. 2006)).

### B.     Failure to State a Claim and Lack of Jurisdiction on Remaining Claims

The remaining claims against Kristi and Christopher Wolf are contained in Count I of the Complaint—the conspiracy claim.  The Court reviews the sufficiency of Plaintiff's conspiracy claim under the same standards as those used when considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6).[14]  Plaintiff "must allege sufficient facts to state a claim which is plausible—rather than merely conceivable—on its face."[15]  Additionally, he must present a reasoned claim demonstrating an arguable basis in both law and fact.[16]

Although Plaintiff claims his conspiracy claim arises under federal law, the statute he cites—18 U.S.C. § 241—defines the federal crime of "conspiracy against rights."  However, this statute is a criminal law which prevents two or more persons from "conspiring to injure, oppress, threaten, or intimidate any person . . . in the free exercise or enjoyment of any right or privilege secure to him by the Constitution or laws of the United States . . ."[17]  As a private citizen, Plaintiff has no authority to bring a criminal case.[18]  Additionally, though he claims his civil rights have been violated, he offers no facts to describe what specific rights have been violated and in what manner.  Because Plaintiff's claim of conspiracy lacks an arguable basis in law and fact, the Court recommends his claims against Kristi and

---

[14] *See Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

[15] *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[16] *See Harris v. Campbell*, 804 F. Supp. 153, 154 (D. Kan. 1992) (defining "frivolous" as an "inarguable legal conclusion" or "fanciful factual allegation") (citing *Neitzke v. Williams,* 490 U.S. 319 (1989)); *see also Parker v. Gosmanova*, 335 F. App'x 791, 793 (10th Cir. 2009) (dismissing appeal because the pleadings "lack an arguable basis in law and fact").

[17] 18 U.S.C. § 241.

[18] *Noel v. Elliot*, No. 12-3116-SAC, 2012 WL 2120761, at *1 (D. Kan. June 12, 2012) ("As a private citizen, plaintiff simply has no authority to prosecute criminal charges.") (citing *Andrews v. Heaton,* 483 F.3d 1070, 1076 (10th Cir. 2007) and *Mamer v. Collie Club of America, Inc.,* 229 F.3d 1164, *2 (Table)(10th Cir. 2000)("private citizens cannot prosecute criminal actions")).

Christopher Wolf be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

Even if Plaintiff had stated sufficient facts to support a plausible claim, this Court lacks jurisdiction over his Complaint. Nothing the Court reviewed makes this case appear anything other than an attempt to overturn Judge Henry's April 2015 decision, and Plaintiff's untimely appeal of that decision. Because "federal courts are of limited jurisdiction, they must have a statutory basis for their jurisdiction.[19] Although Plaintiff claims violations of his civil rights, the pleadings demonstrate this is an attempt to overturn the Sedgwick County court's decision. However, the *Rooker-Feldman* doctrine prevents this Court from hearing what is essentially the appeal of a state court judgment.[20] "[A] federal district court cannot review matters actually decided by a state court, nor can it issue 'any declaratory relief that is inextricably intertwined with the state court judgment.'"[21] Even though Plaintiff couches his claims as violations of his federal civil rights, such claims are found to be "inextricably intertwined if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it."[22] Here, Plaintiff's current federal claims would not exist, were it not for the state court decision, and the *Rooker-Feldman* doctrine bars this Court's review of that state court ruling.

---

[19] *See Perry v. Cowley County Cmty. Coll.*, No. 13-1425-JTM, 2013 WL 6804185, at *1 (D. Kan. Dec. 23, 2013) (discussing the two statutory bases for federal subject-matter jurisdiction: federal jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332) (citing *Nicodemus v. Union Pac. Corp.,* 318 F.3d 1231, 1235 (10th Cir. 2003)).

[20] *Fellows v. State of Kan.*, No. 04-4131-JAR, 2005 WL 752129, at *3 (D. Kan. Mar. 31, 2005) (citing *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415–16 (1923)).

[21] *Fellows*, 2005 WL 752129, at *3 (citing *Kiowa Indian Tribe of Okla. v. Hoover,* 150 F.3d 1163, 1169 (10th Cir. 1998) (quotations and citations omitted)).

[22] *Id*. (citing *Charchenko v. City of Stillwater,* 47 F.3d 981, 983 (8th Cir.1995) (citation omitted)).

After careful review, and being mindful that he proceeds on a pro se basis, the Court finds Plaintiff fails to state a plausible claim for relief and does not allege a basis for this Court to assume jurisdiction over his conspiracy claims against the Wolfs. Therefore, it is recommended that the Court dismiss Plaintiff's claims against the Wolfs under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted and for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(h)(3).

In Plaintiff's Complaint (ECF No. 1) and Civil Cover Sheet (ECF No. 2), it is unclear whether he intends to name the Eighteenth Judicial District, District Court, Sedgwick County Kansas, as a separate defendant. However, in his Motion to Proceed without Prepayment of Fees (ECF No. 4, sealed) and his Financial Affidavit (ECF No. 3, sealed), he lists only Kristi and Christopher Wolf and Judge Elizabeth Henry as defendants. Plaintiff's Complaint simply contains no facts which support a separate claim against the Sedgwick County District Court. To the extent Plaintiff intended to name the District Court as a separate defendant, such a claim is also recommended for dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

**IT IS THEREFORE RECOMMENDED** that Plaintiff's claims against Judge Elizabeth Henry be dismissed under 28 U.S.C. § 1915(e)(2)(B)(iii) because Plaintiff seeks relief from a defendant who is immune from suit.

**IT IS FURTHER RECOMMENDED** that Plaintiff's claims against Kristi Wolf and Christopher L. Wolf be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted, and for lack of subject matter jurisdiction

under Fed. R. Civ. P. 12(h)(3). To the extent he intended to name the Sedgwick County District Court as a separate defendant, it is recommended Plaintiff's claims against the district court be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that a copy of this recommendation shall be mailed to Plaintiff by certified mail. Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), Plaintiff may file a written objection to the proposed findings and recommendations with the clerk of the district court within fourteen (14) days after being served with a copy of this report and recommendation. Failure to make a timely objection waives appellate review of both factual and legal questions.[23]

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 12th day of July 2017.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

---

[23] *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).